IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joan Ravenna, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | No. 17-cv-5685 |
| -*vs*- ) | |
| ) | *(Judge Durkin)* |
| Village of Skokie, Sergeant Liebau, ) | |
| Commander Libit, Investigator ) | |
| J.M. Roden, and Officer J.R. ) | |
| Veenhuis, ) | |
| ) | |
| *Defendants.* ) | |

## AMENDED COMPLAINT

Pursuant to leave of Court, plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 12133, 29 U.S.C. § 794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff Joan Ravenna is a resident of the Northern District of Illinois.

3. Defendant Village of Skokie is an Illinois municipal corporation.

4. Defendants Sergeant Liebau, Commander Libit, Investigator J.M. Roden, and Officer J.R. Veenhuis were, at all times relevant, acting under color of their authority as police officers employed by defendant Village of Skokie. Plaintiff sues these defendants in their individual capacity only.

5. Starting in 2014, plaintiff began to complain to the Skokie Police Department that her neighbor had repeatedly entered her home in her absence, had stolen property from her, and had abused her dog.

6. Skokie Police officers responded to each of plaintiff's complaints and concluded that plaintiff was mentally disabled and delusional.

7. On August 2, 2015, plaintiff again complained to the Skokie Police Department about her neighbor.

8. Defendant Veenhuis and another police officer responded to the complaint and spoke with plaintiff's neighbor.

9. After speaking with the neighbor, defendant Veenhuis and the other officer concluded that there was probable cause to believe that plaintiff had that day committed the offense of disorderly conduct.

10. On August 6, 2015, plaintiff again complained to the Skokie Police Department about her neighbor.

11. Defendants Liebau, Libit, Roden, and Veenhuis (hereinafter "officers") responded to the call in the early morning hours of August 6, 2015, asked plaintiff to step out of her house, and then placed her under arrest.

12. At the time the officers placed plaintiff under arrest, plaintiff had not committed any offense in their presence.

13. The officers observed that plaintiff's right wrist was in a brace and used excessive and unreasonable force in attempting to handcuff her behind her back thereby causing plaintiff to incur personal injuries.

14. Plaintiff informed the officers that she was taking prescription medication for a variety of serious medical needs and that she would suffer injury if deprived of her medication.

15. The officers ignored plaintiff's medical needs and transported her to the Skokie police station, where defendants Roden and Veenhuis seized and inventoried plaintiff's personal property, including her house keys and wrist brace.

16. Following their arrival at the Skokie police station, the officers knew that plaintiff was then a homeowner of retirement age who did not have any criminal history and who would be released on her own recognizance at her initial appearance before a judge.

17. Thereafter, Skokie officers, whose names are presently unknown to plaintiff, transported plaintiff to the Skokie Courthouse of the Circuit Court of Cook County.

18. In accordance with a widespread practice of the Skokie Police Department, Skokie officers, whose names are presently unknown to plaintiff, did not send plaintiff's keys and wrist brace to the Skokie Courthouse.

19. Plaintiff appeared before a judge on August 6, 2015, who ordered plaintiff's release on her own recognizance.

20. Following her release on bail, plaintiff was stranded without house keys or money at the Skokie Courthouse.

21. At about 4:00 p.m. on August 6, 2015, plaintiff was transported by ambulance from the vicinity of the Skokie Courthouse to a Skokie Valley Hospital where she was treated for chest and abdominal pain. Physicians at the Hospital restarted plaintiff on her medications and discharged her that night.

22. At all times relevant, the protections of the ADA and the Rehabilitation Act extended to arresting, booking, and holding suspects.

23. At all times relevant, employees of defendant Village of Skokie perceived that plaintiff was disabled.

24. The actions of defendant officers in subjecting plaintiff to a full custodial arrest, and using force to make that arrest, were taken on account of plaintiff's perceived disability and caused plaintiff to incur damages.

25. Defendant Village of Skokie is liable for this violation of the ADA and the Rehabilitation Act by its employees.

26. In asking plaintiff to step out of her dwelling at night and then arresting her without a warrant for a misdemeanor that had not been committed in their presence, the officers acted in accordance with two express policies or widespread practices of the Village of Skokie.

27. The first express policy or widespread practice of the Village of Skokie is to make warrantless arrests by luring residents out of their homes. Skokie police officers arrested plaintiff pursuant to this express policy or widespread practice. Plaintiff contends that this arrest contravened the Fourth Amendment to the Constitution of the United States because the arrest made

in the early morning hours for an alleged misdemeanor that had not been committed in the presence of the arrest officers.

28. Plaintiff asserts this claim solely against the Village of Skokie

29. The second express policy or widespread practice of the Village of Skokie is to make arrests without a warrant for misdemeanors that were not committed in the arresting officer's presence. Skokie police officers arrested plaintiff in accordance with this express policy or widespread practice caused plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

30. Plaintiff asserts this claim solely against the Village of Skokie in a good faith attempt to change the law as applied in *Woods v. City of Chicago*, 234 F.3d 979 (7th Cir. 2000).

31. Defendant officers used excessive and unreasonable force in placing plaintiff under arrest and thereby deprived her of rights secured by the Fourth Amendment to the Constitution of the United States and caused plaintiff to incur damages. Plaintiff asserts this claim solely against defendant officers.

32. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against all defendants, that appropriate punitive damages be awarded against defendant officers, and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for plaintiff*