IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joan Ravenna, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 17 cv 05685 |
| ) | |
| Village of Skokie, Sergeant Liebau, ) | Judge: Thomas M. Durkin |
| Commander Libit, Investigator J.M. ) | Magistrate: Mary M. Rowland |
| Roden, and Officer J.R. Veenhuis, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF RULE 30(b)(1) DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Defendant, Village of Skokie, by and through counsel, will take the **continued deposition** of Plaintiff, Joan Ravenna, at Skokie Village Hall, 5127 Oakton Street Skokie, Illinois 60077, on **Friday September 7, 2018 at 1:00 p.m.**, or at a time mutably agreeable to the parties.

The deposition will continue from day to day until completed and shall be taken before an officer, notary public, or other person duly authorized to administer oaths. Pursuant to Fed. R. Civ. P. 30(b)(3), the testimony will be recorded by stenographic, audio, and video transcription means.

Additionally, pursuant to Fed. R. Civ. P. 34, you are hereby requested to produce the following documents and tangible things at the time of your deposition as set forth in Exhibit "A":

1

## **EXHIBIT A**

## **DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiff" means Joan Ravenna, as well as her personal representatives, agents, assigns, attorneys, and all other persons acting or purporting to act on behalf of him.

2. "Communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

3. The term "defendants" means the Village of Skokie, Sergeant Liebau, Commander Libit, JM Roden and Officer JR Veenhuis, their representatives, agents, assigns, attorneys, employees, divisions, departments, agencies, and all other persons acting or purporting to act on their behalf.

4. "Document" or "documents" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation, investigative reports, books, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, communications, telegrams, memoranda, notes, notebooks, work sheets, reports, lists, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financial statements, documents of title, appraisals, purchase orders, invoices, bills of lading, weight tickets, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and recordings.

"Document" also includes an original, master, copy, draft or preliminary notes for any other document, or any marginal comments appearing on any other document.

5. "Relate to," including its various forms such as "relating to," "referring to" "concerning," and "in connection with," means: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

2

6. With respect to the production of any communications or documents which are claimed to be privileged, a statement shall be provided by plaintiff's attorneys (if any) setting forth as to each document:

    a. The name of the sender, if any, of the document;
    b. The name of the author of the document;
    c. The name of the person, if any, to whom copies were sent;
    d. The date of the document;
    e. The date on which the document was received by those having possession of the document;
    f. A brief description of the nature and the subject matter of the document; and
    g. The statute, rule or decision which is claimed to give rise to the privilege.

7. Whenever appropriate, the singular form of a word should be interpreted in plural. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

8. "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization or any other entity, whether real or juridical or incorporated or unincorporated, encompassed within the usual and customary meaning of "person" or "persons" or otherwise encompassed within this definition.

9. "Date" means the day, month, and year.

10. "Identify," when used with respect to any person, means to state the person's:
    a. Full name;
    b. Most recent home address and telephone number;
    c. Present business affiliation and position; and
    d. Past position and business affiliation with any of the parties herein.

11. "Identify," when used with respect to a document means to:
    a. State the date, author, addressees, type of document (e.g., "letter"); and
    b. Identify its last known custodian and location.

In lieu of identifying any document, plaintiff may make the document or documents available for inspection and copying pursuant to Rule 33(c) of the Federal Rules of Civil Procedure, by so stating in plaintiff's answer and identifying the document by Bates number.

12. "Identify," when used with respect to a communication, means to:
    a. State the substance of the communication;
    b. Identify the persons between or among whom the communication was made;
    c. Identify each person present when the communication took place;
    d. State the date, time and place (including exact address) when the communication was made and the manner in which it occurred (e.g., "meeting," "telephone,"); and
    e. Identify each document in which such communication was recorded, described, or memorialized, in whole or in part.

13. "Identify," when used with respect to a fact, or to the factual basis for an assertion, means to:
    a. State the fact;
    b. Identify all persons with knowledge of the fact; and
    c. Identify all documents which support or negate the existence of the fact.

14 These Interrogatories shall be deemed continuing, so as to require further and supplemental answers in the event plaintiff becomes aware of any information or knowledge between the time of initial answer and the time of hearing or trial.

## DOCUMENTS AND TANGIBLE THINGS

1. Copies of any/ all medical records related to any treatment Plaintiff received for any alleged injuries as a result of this occurrence from August 6, 2015 to the present;

2. Copies of any/all medical bills, costs, invoices, expenses of any kind incurred by Plaintiff for which you seek recovery in this lawsuit from August 6, 2015 to the present;

3. Copies of any/all medical bills, costs, invoices, expenses of any kind incurred by Plaintiff from Medicare and/or Medicaid for which you seek recovery in this lawsuit from August 6, 2015 to the present;

4. Copies of any/all lawsuits, worker's compensation claims, or any other claims for your own personal injuries or bodily injuries or emotional or mental injuries;

5. Copies of any/all prescription medication and/or drugs that Plaintiff takes for any/all conditions allegedly resulting as a resulting from the occurrences alleged in the complaint.

4

541143v1

6. Copies of any/all practices and/or policies of Defendants of refusing to send personal items of arrestees to the 2nd Municipal Courthouse.

7. Copies of any/all practices and/or policies of Defendants to arrest individuals by "luring them" out of their homes.

                            Respectfully submitted,
                            Village of Skokie,

                    By:   /s/ James G. McCarthy
                           James G. McCarthy,
                           Assistant Corporation Counsel

James G. McCarthy
Assistant Corporation Counsel
Village of Skokie
5127 Oakton Street
Skokie, Illinois 60077
(847) 933-8270

541143v1

## CERTIFICATE OF SERVICE

I, James G. McCarthy, an attorney do hereby certify that I caused the above **NOTICE OF RULE 30(b)(1) DEPOSITION** to be served upon counsel of record via ECF email this 9th day of August, 2018.

s/ James G. McCarthy

541143v1